IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRELL T. BROWN,

        Plaintiff,                    No. CIV S-05-2227 LKK GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 16, 2005, the court dismissed plaintiff's complaint with leave to amend. Pending before the court is plaintiff's amended complaint filed December 7, 2005.

        Named as defendants are Sacramento County and the Sacramento County District Attorney. Plaintiff again alleges that following his arrest, $740 and $541 were seized from him. Plaintiff alleges that although the charges associated with these arrests were later dismissed, the money was not returned to plaintiff as required by California law. The only relief plaintiff seeks is the return of his money.

/////

/////

/////

1

1   The United States Supreme Court has held that "an unauthorized intentional
2   deprivation of property by a state employee does not constitute a violation of the procedural
3   requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
4   postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
5   Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
6   deprivations constitute actionable violations of the Due Process Clause. An authorized
7   deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
8   Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
9   Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

10  Because plaintiff is claiming that defendants have failed to comply with California
11  law by not returning the seized money to him, the deprivation of his property is no longer
12  authorized. On this ground, the court recommends that this action be dismissed.

13  In his amended complaint, plaintiff alleges that California does not provide a
14  meaningful postdeprivation remedy. Attached to plaintiff's amended complaint is an order by the
15  Sacramento County Superior Court dismissing plaintiff's habeas corpus petition in which he
16  sought return of the money. In this order, the Superior Court advised plaintiff that a habeas
17  petition was not the proper vehicle for seeking return of the property and suggested different
18  actions plaintiff could bring. Plaintiff apparently did not follow the advice of the Superior Court.

19  Because it does not appear that plaintiff can cure the pleading defects discussed
20  above, the court recommends dismissal of this action.

21  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
22  without prejudice.

23  These findings and recommendations are submitted to the United States District
24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
25  days after being served with these findings and recommendations, plaintiff may file written
26  objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED:   2/13/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
br2227.56